## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CARL F. COLEMAN,                :
AIS 192831,
                                :
    Petitioner,
vs.                             :       CA 05-0729-WS-C

WARDEN JONES,                   :

    Respondent.             :

### REPORT AND RECOMMENDATION

Carl F. Coleman, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

### FINDINGS OF FACT

1.  Coleman was convicted in the Circuit Court of Mobile County, Alabama on April 10, 1997, of one count of first-degree rape and two counts of second-degree sodomy (Doc. 1, at 2-3); he was sentenced under Alabama's

Habitual Felony Offender Statute to life imprisonment on the rape count and consecutive twenty-year sentences on the second-degree sodomy counts, *see Coleman v. Mitchem*, CA 99-0125-AH-L, Doc. 15, at 2. Petitioner directly appealed his convictions and sentences and also collaterally attacked same. *See id.*, Doc. 15, at 2-6.

      2.     Coleman filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on February 1, 1999, collaterally attacking his convictions and sentences. *See* CA 99-0125-AH-L, *supra,* Doc. 1. On July 19, 2001, United States Magistrate Judge Kristi D. Lee recommended that the petition be denied based upon application of the procedural default doctrine. *See* CA 99-0125-AH-L, Doc. 15. Senior United States District Judge Alex T. Howard, Jr. adopted Judge Lee's report and recommendation by order entered on August 9, 2001, *id.* at Doc. 16, and entered judgment that same date dismissing Coleman's petition for writ of habeas corpus, *id.* at Doc. 17. Petitioner did not appeal this dismissal of his habeas corpus petition. *See* CA 99-0125-AH-L, Docket Sheet.

      3.     Coleman filed the instant habeas corpus petition in this Court on December 20, 2005. (Doc. 1)  The respondent filed his answer on March 7, 2006, therein claiming that this Court lacks jurisdiction to consider Coleman's

petition because petitioner failed to secure the Eleventh Circuit's permission to file what is clearly a successive petition. (Doc. 10)

## CONCLUSIONS OF LAW

1.  Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

2.  The instant petition, filed on December 20, 2005 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Coleman's request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714

(1997).

      3.      The undersigned recommends that this Court dismiss Coleman's present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

## **CONCLUSION**

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of March, 2006.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

5